UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUDY ALEXANDER MENDOZA-
RIVAS,

        Petitioner,

    v.                        Case No.:  2:26-cv-01245-SPC-NPM

TODD BLANCHE *et al.*,

        Respondents,

                                 /

## OPINION AND ORDER

Before the Court is Rudy Alexander Mendoza-Rivas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Mendoza-Rivas's reply (Doc. 11).  For the below reasons, the Court grants the petition.

Mendoza-Rivas is a native and citizen of Guatemala who entered the United States on July 9, 2019, and presented himself to immigration authorities.  The next day, Immigration and Customs Enforcement ("ICE") issued Mendoza-Rivas a notice to appear and released him on his own recognizance.  ICE detained Mendoza-Rivas from April 30, 2020, to September 2, 2020, apparently due to a criminal charge that was later dropped.  *See State of Florida v. Mendoza Rivas*, No. 20-MM-195-AM (16th Jud. Cir. in and for Monroe Cnty. 2020).  On August 19, 2020, an immigration judge granted

Mendoza-Rivas release on $10,000 bond. The government waived appeal of the bond order.

On September 5, 2023, an immigration court ordered Mendoza-Rivas removed. Mendoza-Rivas's appeal of the order is pending, so it is not final. On March 29, 2026, roving Border Patrol agents arrested Mendoza-Rivas during a traffic stop. He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond. Mendoza-Rivas claims his detention violates the Fifth Amendment, the Administrative Procedures Act, and the Immigration and Nationality Act.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225(b)(2) and is not eligible for release or a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners

2

in those cases, § 1225(b)(2) does not mandate Mendoza-Rivas's detention because he was arrested years after he entered the country.[1]

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Mendoza-Rivas before an immigration judge for a bond hearing, but that is not necessary here. An immigration judge already released Mendoza-Rivas on a $10,000 bond. The respondents do not claim they revoked the bond, nor do they argue any change in circumstances warrant reconsideration of the bond decision.

Accordingly, it is hereby

**ORDERED**:

Rudy Alexander Mendoza-Rivas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)     The respondents shall release Mendoza-Rivas within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record